SAMUEL S. SHERWOOD v. THE CITY OF PATERSON ET AL.

Submitted March 18, 1915—Decided June 7, 1915.

1. Under the act of 1911 (*Pamph. L., p.* 179) the board of public works of Paterson has power to vacate streets.
2. One of the inducements to the passage of an ordinance vacating streets was the desire to ·retain a private manufacturing company in the city. *Held,* that under the facts of the case the ordinance was not thereby vitiated.
3. The dedicator of streets does not have a right to thwart the vacation thereof if the city authorities deem that course a public benefit.

On *certiorari.*

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *George S. Hilton.*

For the defendants, *Edward F. Merrey* and *Griggs & Harding.*

The opinion of the court was delivered by

SWAYZE, J. The question raised is as to the validity of an ordinance vacating certain streets in the city of Paterson. The ordinance was passed by the board of public works. Its powers are defined by the act of 1911. *Pamph. L., p.* 179. The vacation of streets is not specifically mentioned. If that power is conferred, it is by implication. The statute first gives the board all the powers and duties formerly vested in or exercised by any board of aldermen, common council or committee thereof, relating to and in respect of the management, control, maintenance and operations of the roads, streets, alleys and sewers, and of the laying out and construction of roads, streets, alleys and sewers within the city. If the legislature had stopped there, it might well be doubted whether the power to vacate had been conferred. It did not stop; but after mentioning other powers, added these words:

"It being the intention of this act to entirely supersede the common council, board of aldermen or other governing bodies of such cities, or their power or authority thereunder in the several departments of streets, sewers and water works, and to place the same under the power, authority and control of the board of public works as herein provided for in the same manner and with like power and authority as the same are now vested in or under the authority or control of any such common council, board of aldermen or other governing body of such city, or their power or authority therein, and this act shall be so construed." We think this language broad enough to vest in the board of public works the powers formerly vested in the board of aldermen in the department of streets. An examination of the city charter (*Pamph. L.* 1871, *p.* 846) shows that the department of streets was charged with the execution of the powers of the board of aldermen to lay out, open, vacate, straighten, widen or alter any street. This power obviously suffices. We think the board of public works has the power to vacate streets.

One of the inducements to the passage of the ordinance seems to have been the desire to free a large piece of land from the encumbrance of those streets which existed only on paper, so as to retain a private manufacturing company in Paterson. It is urged that this motive vitiates the ordinance. Without going so far as to say that the union of such a motive with other more public considerations might never be enough to vitiate the ordinance, we think we are safe in holding that the facts of the present case bring it within the rule of *Kean* v. *Elizabeth,* 54 *N. J. L.* 462; *affirmed,* 55 *Id.* 337.

We think an opportunity to be heard was afforded the prosecutor before the ordinance was passed. Indeed, that is not disputed; the point made is that the matter had already been decided, and the subsequent hearing was a mere farce. We think, however, that the resolution, although it was the expression of a favorable opinion, was only preliminary to the necessary legal proceedings, and we see no objection to a resolution directing the city counsel to prepare an ordinance. We cannot assume, in the absence of proof, that members of

the board would not approach the subsequent hearings with open minds.

The requirement of the consent of abutting owners, and to that end the acquisition by the East Jersey Pipe Company of some of the abutting land, seem to us reasonable requirements for the purpose of avoiding injury to private owners and possible expense to the city.

We do not think that dedicated streets are subject to any different rule with reference to the right of the city to vacate than other streets. The dedicator does not retain a right to thwart the vacation if the city authorities deem that course a public benefit. To so hold would often prevent the city from relieving the public treasury of the unnecessary burden of caring for useless streets.

The other objections call for no special notice.

The ordinance is affirmed, with costs.